Opinion for the Court filed by Circuit Judge KAVANAUGH, with whom Circuit Judge HENDERSON joins.
Dissenting opinion filed by Circuit Judge BROWN.
KAVANAUGH, Circuit Judge:
Richard America charged his former employer, the Small Business Administration, with discrimination. America and the SBA then settled. Under the settlement agreement, America received $92,500 from the SBA. The settlement agreement also *331 required the SBA to provide neutral references when potential employers inquired about America. America claims that the SBA materially breached that requirement of the settlement agreement. America sued the SBA in the United States District Court. After a bench trial, the District Court found no material breach and granted judgment for the SBA. We affirm.
Richard America worked in Rural Affairs for the Small Business Administration. In 1995, the SBA decided to reassign his position from Washington, D.C., to Kansas City, Missouri. America resisted the transfer and eventually accepted an early retirement in 1997, three days before he would have been fired for failing to report to Kansas City.
America then filed several administrative complaints alleging that the SBA engaged in race, sex, and age discrimination with respect to the attempted transfer. In 1998, America and the SBA settled their dispute. America dropped his claims in return for $92,500. As part of the settlement agreement, the SBA expunged references to America’s retirement from his personnel file. The SBA also agreed to refer all inquiries about America from prospective employers to Human Resources; the purpose of that requirement was “to ensure that the SBA provided only neutral references about him.” America v. Mills, 714 F.Supp.2d 88, 101 (D.D.C.2010).
After signing the settlement agreement, America expected to find quick success on the job market. He didn’t. He came to suspect the SBA was saying negative things about him to potential employers, in violation of the settlement agreement.
In 2000 and 2002, America hired a reference-checking company known as Documented Reference Check to contact three individuals at the SBA and pretend to be a potential employer asking about America. America believed that the subsequent reports of Documented Reference Check’s conversations with those SBA employees showed a material breach of the settlement agreement. America therefore sued the SBA in District Court.
After a bench trial, the District Court found that America failed to prove that the reports from Documented Reference Check were “a totally accurate transcription of [the] phone calls.” Id. at 99. The District Court reached that conclusion in part because Documented Reference Check’s chief service officer gave testimony that the court found “completely incredible.” According to the District Court, this key witness was “evasive and belligerent.” He “made unreasonable assertions of privacy and trade secrets regarding such straightforward facts as the company’s size and corporate structure.” He was “in a position to change a report without the knowledge of the person who created the report” and may have had an incentive to satisfy clients by altering reports to contain negative references. Id. at 98.
There was only one relevant exception to the District Court’s broad factual conclusion that SBA employees did not make the allegedly negative statements. The District Court found that SBA employee Arnold Rosenthal told Documented Reference Check that there was “an internal battle going on with [America’s] transfer.” See id. at 97, 99. But the District Court concluded that this one statement did not constitute a material breach of the settlement agreement. We agree. It is undisputed on appeal that Rosenthal made numerous unequivocally positive statements to Documented Reference Check. Rosenthal’s overall description of America was quite positive, and at worst neutral. Rosenthal’s (at worst) neutral reference *332 about America thus does not constitute a material breach of the settlement agreement, the purpose of which was to ensure neutral references about America. Even under the materiality standard proposed by America, a breach is material only if it “relates to a matter of vital importance.” Thomas v. HUD, 124 F.3d 1439, 1442 (Fed.Cir.1997). America has not met that standard.
In short, although Rosenthal’s comments may have constituted a breach because he did not simply refer the caller to Human Resources, we agree with the District Court that the breach was not material because Rosenthal’s description of America was positive or, at worst, neutral.[1]
We affirm the judgment of the District Court.

So ordered.

. In proceedings before the Equal Employment Opportunity Commission, the SBA conceded breach but retracted that concession about three weeks later. America argues that the SBA should be bound to that original concession. But the SBA’s withdrawal is reasonable even under the standard proposed by America because the concession was withdrawn within “weeks, not years.” Mazaleski v. Treusdell, 562 F.2d 701, 720 (D.C.Cir.1977).